**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Garibaldi, | No. CV-19-02558-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Everest National Insurance Company, et al., | |
| Defendants. | |

Before the Court is the parties' discovery dispute regarding the applicability of the attorney-client privilege to the claims file. (Docs. 55, 58, 59.)[1] Particularly, Jorge Garibaldi asks that Everest National Insurance Company ("Everest") produce unredacted portions of the claims file that have been previously redacted or withheld on the basis of attorney-client privilege. For the following reasons, the Court concludes that the attorney-client privilege applies.

Under Arizona law, the attorney-client privilege may be found waived where "(1) the assertion of the privilege was a result of some affirmative act, such as filing suit [or raising an affirmative defense], by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information

---

[1] This dispute was brought to the Court's attention during the October 9, 2020 conference. (Doc. 85.) Unfortunately, because the opening brief was not filed as a motion, it did not appear on the docket as a pending matter or on the Court's motions reports. The Court apologizes for the delay in addressing the dispute.

vital to his defense." *Ingram v. Great Am. Ins. Co.*, 112 F. Supp. 934, 937 (D. Ariz. 2015) (quoting *State Farm Mut. Auto. Inc. Co. v. Lee*, 13 P.3d 1169, 1173 (2000)). However, merely raising a good faith affirmative defense in response to a bad faith claim does not waive the attorney-client privilege. *Id.* Rather, "to waive the attorney-client privilege, a party must make an affirmative claim that its conduct was based on its understanding of the advice of counsel—it is not sufficient that the party consult with counsel and receive advice." *Everest Indem. Ins. Co. v. Rea*, 342 P.3d 417, 419 (Ariz. Ct. App. 2015).

Here, the claims adjustor, Perla Salcido, did not confer with or receive advice from counsel prior to issuing a denial of Plaintiff's claim. In fact, counsel was only retained after the denial's issuance. Defendant makes no affirmative claim that its conduct—up to and including the denial—was dependent on advice of counsel, nor could it. Turning to the events following counsel's retention, while Ms. Salcido admits that she consulted with, received, and abided by the advice of counsel, she explicitly denied that counsel's advice was a basis for her belief that she acted reasonably in administering Mr. Garibaldi's claim:

> Q. (By Mr. Dennis) Is Mr. Cushing's advice, would that be part of the information that you're—you have in your mind about why you believe you acted reasonable [sic] in this case?
>
> Mr. Kethcart: Form.
>
> The Witness: No.

(Doc. 59-1 at 105.) Similarly, she confirmed that counsel's "involvement didn't move the needle one way or another." (*Id.* at 117.) Everest has in no other way "affirmatively injected any advice it received from counsel into the bad faith action." *Twin City Fire Ins. Co. v. Burke*, 63 P.3d 282, 287 (2003). For example, there has been no "showing that Everest was in doubt as to any legal issue. Rather, it made decisions during the course of litigation and, of necessity, involved lawyers in that litigation." *Rea*, 342 P.3d at 420 (concluding that statements by Everest that it acted "with a subjective belief in the good faith nature of its actions" and admissions that it consulted with counsel throughout the process were insufficient "to suggest that Everest's subjective belief in the legality of its actions necessarily included or depended on the advice it received from counsel.").

Next, Mr. Garibaldi argues that the attorney-client privilege does not apply because Everest's counsel performed a role not only as a legal adviser but also as an investigator and adjuster.  However, the attorney-client privilege may be asserted only for communications concerning legal advice and not for communications with an attorney who has stepped outside his role as an attorney.  *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).  Nevertheless, Mr. Garibaldi supplies no evidence to suggest that counsel did assume an investigative or adjuster role.

Based on the foregoing, Everest has not impliedly waived the attorney-client privilege.  Accordingly,

**IT IS ORDERED** that Everest's assertion of attorney-client privilege is deemed valid.

Dated this 21st day of October, 2020.

Douglas L. Rayes
United States District Judge